**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DALTON G.,

              Plaintiff,

   v.                                                                                              3:22-CV-1070
                                                                                                                  (DJS)

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

**APPEARANCES:**                                                          **OF COUNSEL:**

LACHMAN & GORTON                                              PETER A. GORTON, ESQ.
Attorney for Plaintiff
1500 East Main Street
P.O. Box 89
Endicott, New York 13761-0089

U.S. SOCIAL SECURITY ADMIN.                              KATHRYN S. POLLACK, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled.  Dkt.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 5 & General Order 18.

No. 1.  Currently before the Court are Plaintiff's and Defendant's respective Motions for Judgment on the Pleadings.  Dkt. Nos. 9, 13, & 14.  For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted, Defendant's Motion is denied, and the Commissioner's decision is remanded for further proceedings.

## I.  BACKGROUND

### A.  Factual Background

Plaintiff was born in 1992.  Dkt. No. 8, Admin. Tr. ("Tr."), p. 85.  Plaintiff reported that he completed high school and has past work experience in the fast-food industry.  Tr. at pp. 87-88, 401.  Plaintiff alleges disability due to type 2 diabetes, overactive bladder, depression, anxiety, insomnia, back pain, neuropathy in his feet, and trouble breathing.  Tr. at pp. 88, 104.

### B.  Procedural History

In February 2020, Plaintiff applied for child's insurance benefits, disability insurance benefits, and supplemental security income.  Tr. at pp. 61, 274-279, 280-286.  He alleged a disability onset date of December 31, 2013.  Tr. at p. 61, 274.  Plaintiff's applications were initially denied on August 25, 2020 and upon reconsideration on February 9, 2021, after which he timely requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 176-179, 189-192, 201.  Plaintiff subsequently appeared and testified at a hearing before ALJ Bruce S. Fein on September 15, 2021.  Tr. at pp. 80-100.  The ALJ also considered the testimony of a vocational expert.  Tr. at pp. 61, 71-72, 407-413.  On September 29, 2021, the ALJ issued a written decision finding

2

Plaintiff was not disabled under the Social Security Act. Tr. at pp. 58-73. On November 9, 2021, after the ALJ's written decision, Family Nurse Practitioner ("FNP") Elizabeth Moore, on Dr. Karen Banks-Lindner's letterhead, completed a functional capacity questionnaire regarding Plaintiff's condition. Tr. at pp. 53-56. Plaintiff then submitted Moore's questionnaire to the Appeals Council with his request for review. Tr. at p. 2. While awaiting the Appeals Council's decision, Plaintiff, via letter dated June 20, 2022, again submitted new evidence consisting of a medical opinion of treating podiatrist, Dr. James Lentini. Dkt. No. 9, Pl.'s Mem. of Law at p. 4. On September 12, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-4. In its denial, the Appeals Council found FNP Moore's new opinion irrelevant but did not mention Dr. Lentini's opinion. *Id.* Accordingly, the administrative record does not contain Dr. Lentini's assessment. *See generally* Tr.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2014. Tr. at p. 64. Second, the ALJ found that Plaintiff satisfied the age requirement for child's insurance benefits. *Id.* Third, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2013, the alleged disability onset date. *Id.* Fourth, the ALJ found that Plaintiff had the following severe impairments: diabetic neuropathy, cervicalgia, dorsalgia, generalized

anxiety disorder, and major depressive disorder. *Id.* Fifth, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. *Id.* Sixth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "sedentary work" with the following additional limitations:

> he cannot climb ropes, ladders, or scaffolds. He can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, crawl, and use bilateral foot controls. The claimant should avoid concentrated exposure to extreme heat, unprotected heights, and hazardous machinery. He should have ready access to rest room facilities on the job site. Mentally, the claimant requires a low-stress job, which is defined as involving only occasional decision-making, changes in the work setting, and use of judgment.

Tr. at p. 67.

Next, the ALJ concluded that Plaintiff was unable to perform any past relevant work due to his RFC, Plaintiff was a "younger individual" on the alleged disability onset date, he had at least a high school education, and job skill transferability was a non-issue because Plaintiff's past work in the fast-food industry was unskilled. Tr. at p. 71. Based on Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform several jobs existing in "significant numbers in the national economy." Tr. at pp. 71-72. Finally, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act. Tr. at pp. 72-73.

## II.  RELEVANT LEGAL STANDARDS

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

## B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential

5

evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987). The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff seeks review in this Court on two grounds. First, he argues that the ALJ erred by omitting any limitations as to Plaintiff's time spent off task or absent from work. Pl.'s Mem. of Law at p. 12. Second, he alleges that new and material evidence should have been considered. Pl.'s Mem. of Law at pp. 3-12. In response, Defendant asserts that the ALJ properly evaluated the record and that the analysis and ultimate decision were both supported by substantial evidence. Dkt. No. 13, Def.'s Mem. of Law at pp. 10-19.

#### A. The ALJ's Omission of Additional Limitations

The ALJ's failure to fully assess Plaintiff's limitations was error warranting remand.

Although an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," the ALJ must form a logical connection between the evidence considered and his conclusion. *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). To do so, upon deciding that a plaintiff requires certain limitations, an ALJ must also consider the implications of the imposed limitations. *See Dunsford v. Comm'r of Soc. Sec.*, 2023 WL 2242083, at *8 (N.D.N.Y. Feb. 27, 2023). For instance, a finding that a plaintiff requires ready access to restrooms necessitates findings regarding whether such access would render the claimant off task or absent from work. *See id.* (remanding where ALJ provided for bathroom "access" without more); *Clare W. v. Kijakazi*, 2023 WL 3944913, at *4 (N.D.N.Y. June 12, 2023) (remanding where ALJ limited plaintiff to unskilled jobs without addressing whether her need for immediate bathroom access would cause her to be off task); *Tina M. v. Comm'r of Soc. Sec.*, 2021 WL 1298492, at *6 (W.D.N.Y. Apr. 7, 2021) (same).

Here, the ALJ's decision provides that Plaintiff "should have ready access to rest room facilities" due to his overactive bladder. Tr. at p. 67. The imposed limitation is supported by substantial evidence in the record. Namely, the ALJ considered the following evidence regarding Plaintiff's overactive bladder: (i) Plaintiff's testimony; (ii) function reports; and (iii) medical records from Broome Urology and Dr. Karen Banks-Lindner, Plaintiff's primary care physician. Tr. at pp. 68-69, 331-338, 360-369, 436-453, 935-961. However, despite opportunity to do so, the ALJ did not consider whether

Plaintiff's constant bathroom use would render him off task or absent from work. Tr. at pp. 58-73.

In April 2020, FNP Laura McDermott completed a written assessment of Plaintiff's mental and physical health. Tr. at pp. 628-636. Though the ALJ addressed McDermott's mental health findings, he did not discuss McDermott's physical health findings. Tr. at pp. 58-73. In the omitted portion of her assessment, McDermott opined that Plaintiff's ability to work would be impaired by his constant bathroom use and overactive bladder. Tr. at pp. 628, 635. McDermott also noted that Plaintiff had "[n]o limitation" in "maintain[ing] customary attendance and punctuality" at work. Tr. at. p. 635. To the extent McDermott's opinion was relevant to making an off task determination, it should have been considered. Failure to consider the implications stemming from the imposed bathroom access limitation was error.

## B. Consideration of New Evidence

Given the gap in the record, the Appeals Council erred in not considering new and material evidence submitted by Plaintiff after the ALJ rendered his decision.

The Appeals Council is obligated to consider new and material evidence. 20 C.F.R. § 404.970(a)(5). New evidence is "material" if it is: "(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (internal quotation marks omitted). Materiality also requires that there be a "reasonable possibility that [the

new evidence] would have influenced the Commissioner to decide the claimant's application differently." *Armstrong v. Comm'r of Soc. Sec.*, 672 F. App'x 102, 103 (2d Cir. 2016) (rejecting materiality where new evidence was "cumulative of medical evidence already considered by the ALJ"); *see also Samantha D. v. Comm'r of Soc. Sec.*, 2020 WL 1163890, at *9 (N.D.N.Y. Mar. 11, 2020) (finding that new evidence that plaintiff would be "off task more than 10%" of the day was material because it stated "at least one limitation[] inconsistent with maintaining competitive employment"); *Stratton v. Colvin*, 51 F.Supp.3d 212, 218-19 (N.D.N.Y. 2014) (remanding for consideration of new evidence where the Appeals Council failed to adequately discuss the new evidence in its denial of plaintiff's request for review). New evidence "generated after an ALJ's decision cannot be deemed irrelevant solely because of timing." *Newbury v. Astrue*, 321 F. App'x 16, 2009 WL 780888, at *2 n.2 (2d Cir. Mar. 26, 2009).

Here, two new pieces of evidence are at issue: (1) FNP Elizabeth Moore's November 9, 2021 medical opinion and (2) Dr. James Lentini's February 9, 2022 medical opinion. Both opinions were generated after the ALJ's September 29, 2021 decision. Tr. at pp. 52-56, 58-73; Dkt. No. 1, Compl. at pp. 9-11. In her medical assessment of Plaintiff, Moore opined that Plaintiff should elevate his feet two feet off the ground for 20% of the day. Tr. at p. 52. Moore also concluded that Plaintiff would need unlimited bathroom access due to his "urgent and immediate" need to constantly urinate. Tr. at p. 53. Based on this assessment, Moore concluded that Plaintiff would

9

be "off task" for more than 33% of the workday and absent more than four days per month. Tr. at p. 54. Similarly, Dr. Lentini opined that Plaintiff's feet should be elevated "several inches" off the ground for 25% of the day. Compl. at p. 9. Dr. Lentini also found that Plaintiff would be off task for more than 10% of the day and absent from work two days per month. Compl. at p. 10.

Both medical opinions are material and should have been considered by the Appeals Council. First, Moore's opinion is relevant to Plaintiff's condition "during the time period for which benefits were denied" because it concerns conditions that existed "on or before February 15, 2014." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004); Tr. at p. 52. Moore's opinion is also material because of the reasonable possibility that the ALJ would have decided differently had he considered it. Moore's opinion is not "cumulative" of evidence already considered by the ALJ. *Armstrong v. Comm'r of Soc. Sec.*, 672 F. App'x 102, 103 (2d Cir. 2016). Rather, Moore's findings regarding Plaintiff's foot elevation, bathroom use, and the need to be off task and/or absent conflict with the record, as conceded by the Defendant. Def.'s Mem. of Law at p. 17. Moore's opinion clearly states "at least one limitation" inconsistent with both the record and maintaining competitive employment, as time spent off task or absent likely impacts what employment is available to Plaintiff. *Samantha D. v. Comm'r of Soc. Sec.*, 2020 WL 1163890, at *9 (N.D.N.Y. Mar. 11, 2020). Thus, Moore's opinion is material and the Appeals Council's conclusion that the opinion "does not show a reasonable probability that it would change the outcome of the decision," without any further

explanation, was error. Tr. at p. 2; *Stratton v. Colvin*, 51 F.Supp.3d 212, 218-19 (N.D.N.Y. 2014).

The same line of reasoning applies to Dr. Lentini's medical opinion. Dr. Lentini's assessment covers the relevant time period because it concerns conditions that existed "on or before February 15, 2014." Compl. at p. 9. Dr. Lentini's opinion is material because of the reasonable possibility that it would cause the ALJ to decide differently due to its foot elevation, off task, and absence determinations not previously considered by the ALJ. Compl. at pp. 9-10. Defendant argues that to the extent Dr. Lentini's opinion conflicts with the ALJ's decision, such conflict is insignificant because Dr. Lentini "did not include any narrative" to support his findings. Def.'s Mem. of Law at p. 20. Defendant's argument is unavailing. Although it is true that "[t]he better an explanation a source provides . . . the more weight [is given to] that medical opinion," it is not the province of this Court to determine the persuasiveness of evidence. *Colgan v. Kijakazi*, 22 F.4th 353, 361 n.5 (2d Cir. 2022). Rather, the Court's sole responsibility is to determine whether the new evidence is material. Having done so, the Appeals Council's failure to consider Dr. Lentini's opinion was error.

Accordingly, the matter is remanded for further consideration.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: October 19, 2023
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge