UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DALTON G.,

                Plaintiff,

  v.                                          3:22-CV-1070
                                                 (DJS)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

### I. BACKGROUND

Plaintiff filed a Complaint in this matter on October 17, 2022, seeking review of the Commissioner's determination denying Plaintiff's application for disability benefits. Dkt. No. 1. On October 19, 2023, the Court remanded the matter to the Social Security Administration for further proceedings. Dkt. Nos. 15-16. An award of attorney's fees was previously entered pursuant to the Equal Access to Justice Act ("EAJA"). Dkt. No. 18. Upon review of the matter on remand, the Administrative Law Judge issued a favorable decision awarding Plaintiff benefits. Dkt. No. 19-1, ¶ 2. Plaintiff's counsel has now filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 19. Specifically, Plaintiff's counsel seeks attorney's fees in the amount of $17,863.00, of which he would remit to Plaintiff the sum previously awarded under the EAJA. Dkt. No. 19-1 at ¶¶ 2 & 6.

For the reasons that follow, the Motion is granted.

1

## II.  DISCUSSION

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  This section "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

"[A] requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Id.* at 370.  In determining whether a fee is reasonable, a court should consider whether the attorney is responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *see also Gisbrecht v. Barnhart*, 535 U.S. at 808.  In determining whether an award would constitute a windfall, the Second Circuit has identified a number of relevant factors including the ability and expertise of counsel, the nature and length of counsel's relationship with the client, the satisfaction of the claimant, and the uncertainty of the outcome of the case.  *Fields v. Kijakazi*, 24 F.4th 845, 854-56 (2d Cir. 2022); *see also Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (identifying three related considerations).  If the court finds the fee is unreasonable, the

court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.* at *2.

Here, the contingency fee agreement provides in pertinent part that any fee award under section 406(b) would not exceed 25% of all past due benefits. Dkt. No. 19-4. The amount requested does not exceed the 25% cap, and there is no evidence of fraud or overreaching.

Counsel seeks $17,863.00 in attorney's fees. Dkt. No. 19-1. Counsel notes a total of 33.8 hours expended on this matter at the federal court level. Dkt. No. 19-2. This results in a *de facto* hourly rate of slightly over $528. *Id.* This is within the range awarded as attorney's fees in this type of case. *See Eric K. v. Berryhill*, 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (finding de facto hourly rate of $1,500 "is not out of line with the corresponding hourly rate of attorney's fees approved by district courts within the Second Circuit."); *Filipkowski v. Barnhart*, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (awarding attorney's fees at a *de facto* hourly rate of $743.30). Counsel prepared and filed a persuasive Motion for Judgment on the Pleadings which ultimately secured a remand. *See* Dkt. Nos. 9 & 14. In addition, Plaintiff has been awarded significant benefits as a result of the litigation. *See* Dkt. No. 19-1 at ¶ 2. Finally, in reviewing counsel's time log, it generally appears to reflect properly recorded and appropriate attorney work. Dkt. No. 19-2. Defendant does not contest the timeliness of the Motion or oppose the application. Dkt. No. 20.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorney's Fees (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED**, that Attorney Gorton is awarded the sum of $17,863.00 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that Attorney Gorton is directed to remit to Plaintiff any sum that was previously awarded and received as fees pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: February 9, 2026
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge